UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x     Docket No. 14-cv-4457

Mario Rey Silva, individually and on behalf of all other
persons similarly situated,

      Plaintiff,      **ANSWER TO COMPLAINT**

      v.

New Food Corp. d/b/a Foodtown, JAC Food Corp. d/b/a
Foodtown, JJC Food Corp. d/b/a Foodtown, SWF Food
Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown,
Jason Ferreira, Jose Ferreira and Andres Ferreira,

      Defendants.
-------------------------------------------------------------------x

  Defendants, New Food Corp. d/b/a Foodtown, JAC Food Corp. d/b/a Foodtown, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira, Jose Ferreira and Andres Ferreira, by their attorneys, FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP, answers the Complaint of the Plaintiff by stating as follows:

  1.  Denies, upon information and belief, the allegations of paragraph "1" except to state that the supermarkets' address and ownership are a matter of record.

  2.  Denies, upon information and belief, the allegations of paragraph "2".

  3.  Denies, upon information and belief, the allegations of paragraph "3".

  4.  Denies, upon information and belief, the allegations of paragraph "4" except to admit that this is how the plaintiff purports to proceed and respectfully refers all questions of law to this Honorable Court.

5. Denies, upon information and belief, the allegations of paragraph "5" except to admit that this is how the plaintiff purports to proceed and respectfully refers all questions of law to this Honorable Court.

6. Denies, upon information and belief, the allegations of paragraph "6" except to admit that this is how the plaintiff purports to proceed.

7. Denies, upon information and belief, the allegations of paragraph "7".

8. Denies, upon information and belief, the allegations of paragraph "8" except to state that this is how plaintiff purports to proceed and respectfully refers all questions of law to this Honorable Court.

9. Denies, upon information and belief, the allegations of paragraph "9" except to state that this is how plaintiff purports to proceed and respectfully refers all questions of law to this Honorable Court.

10. Denies information or knowledge to form a belief as to the allegation in paragraph "10."

11. Denies, upon information and belief, the allegations of paragraph "11" except to state that the plaintiff's employment is a matter of record.

12. Denies upon information and belief, the allegations of paragraph "12" as it asks for a conclusion of law.

13. No response is needed to this allegation other than to state that to the extent one is needed the allegations are denied.

14. Denies upon information and belief, the allegations of paragraph "14" except to state that New Food Corp. is a New York corporation.

15. Denies upon information and belief, the allegations of paragraph "15" except to state that the ownership and location of New Food Corp. is a matter of record.

16. Denies upon information and belief, the allegations of paragraph "16" except to state that the ownership, location and under what name New Food Corp. has done business is a matter of record.

17. Denies upon information and belief, the allegations of paragraph "17" except to state that the ownership, location and under what name New Food Corp. has done business is a matter of record.

18. Denies upon information and belief, the allegations of paragraph "18" except to state that JCA Food Corp. is a New York corporation.

19. Denies upon information and belief, the allegations of paragraph "19" except to state that the ownership and location of JCA Food Corp. is a matter of record.

20. Denies upon information and belief, the allegations of paragraph "20" except to state that the ownership, location and under what name JCA Food Corp. has done business is a matter of record.

21. Denies upon information and belief, the allegations of paragraph "21" except to state that the ownership, location and under what name JCA Food Corp. has done business is a matter of record.

22. Denies upon information and belief, the allegations of paragraph "22" except to state that the ownership, location and how JJC Food Corp. has done business is a matter of record.

23. Denies upon information and belief, the allegations of paragraph "23" except to state that the ownership and location of JJC Food Corp. is a matter of record.

24. Denies upon information and belief, the allegations of paragraph "24" except to state that the name under which JJC Food Corp. has done business is a matter of record.

25. Denies upon information and belief, the allegations of paragraph "25" except to state that the name under which JJC Food Corp. has done business is a matter of record.

26. Denies upon information and belief, the allegations of paragraph "26" except to state that SWF Food Corp. is a New York corporation.

27. Denies upon information and belief, the allegations of paragraph "27" except to state that the location of SWF Food Corp. is a matter of record.

28. Denies upon information and belief, the allegations of paragraph "28" except to state that the name under which SWF Food Corp. does business is a matter of record.

29. Denies upon information and belief, the allegations of paragraph "29" except to state that the name under which SWF Food Corp. does business is a matter of record.

30. Denies upon information and belief, the allegations of paragraph "30" except to state that Mother Food Corp. is a New York corporation.

31. Denies upon information and belief, the allegations of paragraph "31" except to state that the location of Mother Food Corp. is a matter of record.

32. Denies upon information and belief, the allegations of paragraph "32" except to state that the name under which Mother Food Corp. has done business is a matter of record.

33. Denies upon information and belief, the allegations of paragraph "33" except to state that the name under which Mother Food Corp. has done business is a matter of record.

34. Denies, upon information and belief, the allegations of paragraph "34" that the corporate structure of the defendants is a matter of record.

35. Denies, upon information and belief, the allegations of paragraph "35" except to state that it asks for a conclusion of law.

36. Denies, upon information and belief, the allegations of paragraph "36" except to state that his residence is a matter of record.

37. Denies, upon information and belief, the allegations of paragraph "37" except to state that his job title is a matter of record.

38. Denies, upon information and belief, the allegations of paragraph "38" except to state that his job title is a matter of record.

39. Denies, upon information and belief, the allegations of paragraph "39" except to state that his job title is a matter of record.

40. Denies, upon information and belief, the allegations of paragraph "40" except to state that his job title is a matter of record.

41. Denies, upon information and belief, the allegations of paragraph "41" except to state that his job title is a matter of record.

42. Denies, upon information and belief, the allegations of paragraph "42" except to state ownership is a matter of record.

43. Denies, upon information and belief, the allegations of paragraph "43" except to state ownership is a matter of record.

44. Denies, upon information and belief, the allegations of paragraph "44" except to state ownership is a matter of record.

45. Denies, upon information and belief, the allegations of paragraph "45" except to state ownership is a matter of record.

46. Denies, upon information and belief, the allegations of paragraph "46" except to state ownership is a matter of record.

47. Denies, upon information and belief, the allegations of paragraph "47" except to state that Jason Ferreira's title is a matter of record.

48. Denies, upon information and belief, the allegations of paragraph "48" except to state that Jason Ferreira's title is a matter of record.

49. Denies, upon information and belief, the allegations of paragraph "49" except to state that Jason Ferreira's title is a matter of record.

50. Denies, upon information and belief, the allegations of paragraph "50" except to state that Jason Ferreira's title is a matter of record.

51. Denies, upon information and belief, the allegations of paragraph "51" and state that it is asking for a conclusion of law.

52. Denies, upon information and belief, the allegations of paragraph "52" except to state ownership is a matter of record.

53. Denies, upon information and belief, the allegations of paragraph "53" except to state ownership is a matter of record.

54. Denies, upon information and belief, the allegations of paragraph "54" except to state ownership is a matter of record.

55. Denies, upon information and belief, the allegations of paragraph "55" except to state ownership is a matter of record.

56. Denies, upon information and belief, the allegations of paragraph "56" except to state ownership is a matter of record.

57. Denies, upon information and belief, the allegations of paragraph "57" except to state ownership is a matter of record.

58. Denies, upon information and belief, the allegations of paragraph "58" except to state ownership is a matter of record.

59. Denies, upon information and belief, the allegations of paragraph "59" except to state ownership is a matter of record.

60. Denies, upon information and belief, the allegations of paragraph "60" except to state ownership is a matter of record.

61. Denies, upon information and belief, the allegations of paragraph "61" except to state ownership is a matter of record.

62. Denies, upon information and belief, the allegations of paragraph "62" except to state ownership is a matter of record.

63. Denies, upon information and belief, the allegations of paragraph "63"except to state that Jose Ferreira's title and responsibilities are a matter of record.

64. Denies, upon information and belief, the allegations of paragraph "64" except to state that Jose Ferreira's title and responsibilities are a matter of record.

65. Denies, upon information and belief, the allegations of paragraph "65" and state that it is asking for a conclusion of law.

66. Denies, upon information and belief, the allegations of paragraph "66" and state that it is asking for a conclusion of law.

67. Denies, upon information and belief, the allegations of paragraph "67" except to state ownership is a matter of record.

68. Denies, upon information and belief, the allegations of paragraph "68" except to state ownership is a matter of record.

69. Denies, upon information and belief, the allegations of paragraph "69" except to state ownership is a matter of record.

70. Denies, upon information and belief, the allegations of paragraph "70" except to state ownership is a matter of record.

71. Denies, upon information and belief, the allegations of paragraph "71" except to state ownership is a matter of record.

72. Denies, upon information and belief, the allegations of paragraph "72" except to state ownership is a matter of record.

73. Denies, upon information and belief, the allegations of paragraph "73" except to state ownership is a matter of record.

74. Denies, upon information and belief, the allegations of paragraph "74" except to state ownership is a matter of record.

75. Denies, upon information and belief, the allegations of paragraph "75" except to state ownership is a matter of record.

76. Denies, upon information and belief, the allegations of paragraph "76" except to state ownership is a matter of record.

77. Denies, upon information and belief, the allegations of paragraph "77" except to state ownership is a matter of record.

78. Denies, upon information and belief, the allegations of paragraph "78" except to state that Andres Ferreira's title and responsibilities are a matter of record.

79. Denies, upon information and belief, the allegations of paragraph "79" except to state that Andres Ferreira's title and responsibilities are a matter of record.

80. Denies, upon information and belief, the allegations of paragraph "80" and state that it is asking for a conclusion of law.

81. Denies, upon information and belief, the allegations of paragraph "81" and state that it is asking for a conclusion of law

82. A response to paragraph "82" is not necessary, however, to the extent one is needed it is denied.

83. Denies, upon information and belief, the allegations of paragraph "83".

84. Denies, upon information and belief, the allegations of paragraph "84".

85. Denies, upon information and belief, the allegations paragraph "85".

86. Denies, upon information and belief, the allegations paragraph "86".

87. Denies, upon information and belief, the allegations of paragraph "87".

88. Denies, upon information and belief, the allegations of paragraph "88.

89. Denies, upon information and belief, the allegations of paragraph "89" and states it asks for a conclusion of law.

90. Denies, upon information and belief, the allegations of paragraph "90" and states it asks for a conclusion of law.

91. Denies, upon information and belief, the allegations of paragraph "91" except to state it asks for a conclusion of law.

92. Denies, upon information and belief, the allegations of paragraph "92" except to state it asks for a conclusion of law.

93. Denies, upon information and belief, the allegations of paragraph "93" except to state it asks for a conclusion of law.

94. Denies, upon information and belief, the allegations of paragraph "94" except to state it asks for a conclusion of law.

95. Denies, upon information and belief, the allegations of paragraph "95" except to state it asks for a conclusion of law.

96. Denies, upon information and belief, the allegations of paragraph "96" except to state his employment is a matter of record.

97. Denies, upon information and belief, the allegations of paragraph "97".

98. Denies, upon information and belief, the allegations of paragraph "98".

99. Denies, upon information and belief, the allegations of paragraph "99".

100. Denies, upon information and belief, the allegations of paragraph "100".

101. Denies, upon information and belief, the allegations of paragraph "101".

102. Denies, upon information and belief, the allegations of paragraph "102".

103. Denies, upon information and belief, the allegations of paragraph "103".

104. Denies, upon information and belief, the allegations of paragraph "104".

105. Denies, upon information and belief, the allegations of paragraph "105".

106. Denies, upon information and belief, the allegations of paragraph "106".

107. Denies, upon information and belief, the allegations of paragraph "107".

108. Denies, upon information and belief, the allegations of paragraph "108".

109. Denies, upon information and belief, the allegations of paragraph "102".

110. Denies, upon information and belief, the allegations of paragraph "103".

111. Denies, upon information and belief, the allegations of paragraph "104".

112. Denies, upon information and belief, the allegations of paragraph "105".

113. Denies, upon information and belief, the allegations of paragraph "106".

114. Denies, upon information and belief, the allegations of paragraph "107".

115. Denies, upon information and belief, the allegations of paragraph "108".

116. Responds to paragraph "116" of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

117. Denies, upon information and belief, the allegations of paragraph "117" as it asks for a conclusion of law.

118. Denies, upon information and belief, the allegations of paragraph "118" as it asks for a conclusion of law.

119. Denies, upon information and belief, the allegations of paragraph "119" as it asks for a conclusion of law.

120. Denies, upon information and belief, the allegations of paragraph "120" as it asks for a conclusion of law.

121. Denies, upon information and belief, the allegations of paragraph "121".

122. Denies, upon information and belief, the allegations of paragraph "122".

123. Denies, upon information and belief, the allegations of paragraph "123".

124. Denies, upon information and belief, the allegations of paragraph "124".

125. Responds to paragraph "125" of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

126. Denies, upon information and belief, the allegations of paragraph "126" as it asks for a conclusion of law.

127. Denies, upon information and belief, the allegations of paragraph "127" as it asks for a conclusion of law.

128. Denies, upon information and belief, the allegations of paragraph "128" as it asks for a conclusion of law.

129. Denies, upon information and belief, the allegations of paragraph "129".

130. Denies, upon information and belief, the allegations of paragraph "130".

131. Denies, upon information and belief, the allegations of paragraph "131".

132. Responds to paragraph "132" of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

133. Denies, upon information and belief, the allegations of paragraph "133".

134. Denies, upon information and belief, the allegations of paragraph "134".

135. Denies, upon information and belief, the allegations of paragraph "135".

136. Responds to paragraph "136" of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

137. Denies, upon information and belief, the allegations of paragraph "137" as it asks for a conclusion of law.

138. Denies, upon information and belief, the allegations of paragraph "138".

139. Denies, upon information and belief, the allegations of paragraph "139".

140. Responds to paragraph "140" of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

141. Denies, upon information and belief, the allegations of paragraph "141" as it asks for a conclusion of law.

142. Denies, upon information and belief, the allegations of paragraph "142".

143. Denies, upon information and belief, the allegations of paragraph "143".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

144. Upon information and belief the causes of action alleged in the Complaint of the Plaintiff fail to properly state, specify or allege a cause of action on which relief can be granted as a matter of law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

145. Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

146. Plaintiff's claims are barred in that he was not an employee of each of the named corporate entities and individuals, and, as such, not subject to the FLSA and the New York Labor Law.

### AS AND FOR A FOURH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

147. Plaintiff was paid all wages in compliance with federal and state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

148. All actions taken by the defendant(s) were done in good faith and in full compliance with the law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

89. Plaintiff's claims are barred, in whole or part, due to lack of privity.

WHEREFORE, these Defendants demand judgment dismissing the Complaint and that Judgment be entered in favor of Defendants, together with costs, attorney fees and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of the plaintiff.

DATED:   August 15, 2014
         Uniondale, New York

Yours, etc.,

*s/ Keith J. Frank*

Keith J. Frank, Esq.
FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP
Attorneys for Defendants
**New Food Corp. d/b/a Foodtown, JAC Food Corp. d/b/a Foodtown, JJC Food Corp. d/b/a Foodtown, SWF Food Corp. d/b/a Foodtown, Mother Food Corp. d/b/a Foodtown, Jason Ferreira, Jose Ferreira and Andres Ferreira**
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
(516) 745-8310

To:

Steven J. Moser, P.C.
Attorneys for Plaintiff
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150